In the Matter of the Accounting by ANTOINETTE PELTON, as Executrix, etc., of EDWIN C. PELTON, as Executor, etc., of MAUDE M. PELTON, Deceased.

FIRST BANK & TRUST COMPANY OF UTICA, as Administrator with the Will Annexed, etc., of MAUDE M. PELTON, Deceased, RICHARD M. PELTON, ROBERT C. PELTON and JAMES P. O'DONNELL, Special Guardian for WILLIAM BRAYTON, an Infant, Appellants; ANTOINETTE PELTON, as Executrix, etc., of EDWIN C. PELTON, Deceased, as Executor, etc., of MAUDE M. PELTON, Deceased, Respondent.

Fourth Department, May 13, 1942.

*Ferris, Burgess, Hughes & Dorrance* [*Gilbert R. Hughes* of counsel], for the appellant First Bank & Trust Company of Utica, as administrator, etc.

*Schmidt & Peterson*, for the appellants Richard M. Pelton and Robert C. Pelton.

*James P. O'Donnell*, guardian *ad litem*, for William Brayton, appellant, and attorney for Ada M. Brayton and others.

*Walter C. Rabenstein*, for the respondent Antoinette Pelton, as executrix, etc.

PER CURIAM. Maude M. Pelton, the decedent, provided in her will that her husband, Edwin C. Pelton, should have the life use and income of the residue of her estate, and that upon his death the remainder should be held in trust for two other beneficiaries named in the will. The husband was also named executor. He has since died and his executrix filed an account of his proceedings as such executor. Objections were filed and this appeal is from the decree entered upon the decision of the surrogate with respect to certain of these objections.

The objectants ask that the executrix be surcharged with the amount of certain investments made in real estate mortgages. The surrogate found that the mortgage investments in question

were non-legal investments but declined to surcharge for the reason that no loss had yet occurred on account of such investments. We are of the opinion that the surrogate was in error and should have surcharged the estate of the accounting executrix. Where investments are made in non-legal securities not specifically permitted under the will, the beneficiary may have the option of accepting the investments as made or of holding the executor liable for the amount of the funds which have been improperly invested. (*Villard* v. *Villard*, 219 N. Y. 482, 499; *Matter of Poillon*, 165 Misc. 376, 380; *Matter of Haydock*, 158 id. 404, 411.)

That part of the decree of the surrogate should, therefore, be reversed and a surcharge made in respect to the following investments: mortgage on property at 107 Steuben avenue, Herkimer, N. Y.; mortgage on property at 221–223½ Prospect street, Herkimer, N. Y.; mortgage on property on camp on Canadarago lake; mortgage on property of Little Theatre Club, Inc.; mortgage on property at 210 Park avenue, Herkimer, N. Y., and mortgage on property at 108–110 Weber street, Herkimer, N. Y.

The decree should hold the executrix to have in her hands cash in lieu of the mortgage investments themselves. Upon the replacement in the account of such cash the mortgages should be assigned to the estate of the deceased executor.

As regards the mortgage on the property at 200 North Prospect street, the evidence establishes that it is a second mortgage and, therefore, non-legal. It can be made a legal security by satisfaction of a first mortgage of $500. We think the surrogate might permit the executrix to make this mortgage a legal security by procuring the satisfaction or postponement of the $500 first mortgage. In the event of her failure to promptly do so there should be a surcharge for the amount invested by the executor in this mortgage also.

We think that the surrogate's finding to the effect that the $20,000 mortgage on property at 202 West German street, Herkimer, N. Y., given by the executor individually to himself as executor, was for the purpose of securing the estate for loans to himself and any possible surcharge, should be approved.

We likewise approve the decision of the surrogate with respect to the $5,000 mortgage on property at 120–122 East Main street, Ilion, N. Y.

As regards the income amounting to $515 from certain securities held in the estate, we find no evidence to sustain the objectants' contentions that the dividends were declared or payable subsequent to the death of Mr. Pelton, the life beneficiary. We, therefore, approve the surrogate's decision as to that item, except as to the

item of forty-five dollars interest on the Little Theatre Club mortgage. Since we have indicated above that there should be a surcharge with respect to the investment made on that mortgage, this item of interest should be adjusted in connection therewith.

We approve the decision of the surrogate with respect to the furniture.

The decree is accordingly modified on the law and as modified affirmed, with costs payable out of the estate, and the matter remitted to the surrogate to make the proper computations and to proceed in accordance with this opinion.

All concur. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Decree modified on the law in accordance with the opinion and as modified affirmed, with costs payable out of the estate, and matter remitted to Surrogate's Court for further proceedings in accordance with the opinion.